G. Robert Witmer, J.
This is an action for judgment declaring that the defendant, the Travelers Indemnity Company, must defend plaintiff in a negligence action brought against the plaintiff by one Alfred E. Gisel, individually and as guardian ad litem of Bradley R. Gisel, an infant, on July 18, 1962 for injuries *1059 alleged to have been sustained by said plaintiffs by reason of an accident on September 24,1959. The defendant company has declined to defend this plaintiff in that action upon the ground that plaintiff failed to give notice to the defendant of the alleged accident as provided in plaintiff’s policy of insurance with defendant.
The evidence shows that on September 24, 1959 the plaintiff was driving his truck (which he used for hauling farm produce generally) in a westerly direction on State Eoad, Town of Webster, at noontime. After driving through an “ S ” curve about 300 feet east of a driveway on the south side of the road which he intended to enter, he slowed his truck to about 25 miles per hour by letting up on the accelerator, and 200 feet east of the driveway he began applying his brakes, so that when he was about at the driveway he was going about 5 miles per hour. He then started to turn his truck to the left to enter the driveway, but before reaching the middle of the road, and as he looked at the rear view mirror on his left front fender, he saw out of the periphery of his left eye an automobile in the act of passing him in the south lane. He stopped his truck promptly, with the left front wheel in the middle of the road, and the passing vehicle did not touch the truck. Instead, it turned to the left off the road, apparently in an effort to avoid collision with the truck; and said vehicle struck a tree. Before moving from his truck the plaintiff then observed that another automobile had come to a stop in the field off the road to his right. There were two persons in each of said two automobiles, and all were injured to some extent, to plaintiff’s knowledge. He called the police and ambulance, and the latter took all of said four persons to the hospital. A Deputy Sheriff tested the turn signals on plaintiff’s truck in plaintiff’s presence. None of said four persons nor the Deputy Sheriff told plaintiff that he was responsible for the automobiles leaving the road. Six months later an investigator interviewed plaintiff. Not until July 18, 1962, approximately 2 years and 10 months after the above incident, was plaintiff sued; and then for the first time plaintiff learned that someone charged him with causing the said automobiles to leave the road and the resulting injuries.
Plaintiff’s policy of casualty insurance with defendant company provided that he would give to defendant prompt notice of any “accident” in which he might be involved with the insured vehicle. The policy contained no definition of the word “ accident ”. Plaintiff claims that he was not involved in any accident, but that if those who are suing him think otherwise, defendant should defend him.
*1060 It has been held that the duty to defend is broader than the duty to pay. (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148, 154.) Admittedly, if plaintiff as a reasonable person justifiably believed that he was not involved in an accident, he was not required to notify the defendant about said incident, and the defendant would be required to defend him.
Upon the trial the court was impressed by the fact that the Deputy Sheriff checked the plaintiff’s turn signals in the plaintiff’s presence, and the court expressed the thought that the plaintiff, from that fact alone, had reason to believe that he was involved in an accident, and hence he should have reported the incident to the defendant. Without doubt any lawyer skilled in negligence work would have realized that regardless of whether he was in fact negligent or the operators of the two automobiles were negligent, one in plaintiff’s position should suspect that he might be charged with being a cause of an accident, and should report the incident to his insurance carrier. But the question before the court is -whether the plaintiff, as a farmer and an ordinary citizen should be held to such standard of care and duty. Since there was no contact between the plaintiff’s truck and either of the other vehicles, the plaintiff thought that he had not been involved in an “ accident ”. The company did not see fit to define accident in its policy of insurance, and the plaintiff was entitled to rely upon the common interpretation of the term. (See Lewis v. Ocean Acc. & Guar. Corp., 224 N. Y. 18, 21.)
I have concluded that it was not unreasonable for the plaintiff to believe that he had not been involved in an accident, and that there was no need for him to report the incident to the defendant. (See Brennan v. Travelers Ins. Co., 295 N. Y. 849; Narduli v. United States Fid. & Guar. Co., 33 Misc 2d 352; Christensen v. Allstate Ins. Co., 29 Misc 2d 671; Chinn v. Butchers’ Mut. Cas. Co., 190 Misc. 117.)
The policy of insurance and the duty of the plaintiff thereunder should not be construed against the plaintiff in the absence of a reasonably clear course of conduct for him to pursue. Under the circumstances of this case I hold that the plaintiff did not act unreasonably, and gave notice to the company as soon as he had reasonable cause to believe that he was involved in an accident within the meaning of the policy.
The plaintiff is, therefore, entitled to judgment declaring that the defendant, the Travelers Indemnity Company, must defend him in said action by Alfred E. G-isel and others against the plaintiff,