■ JOSEPH T. BONAVITA, Plaintiff, v. JOSEPH ENRIGHT et al., Defendants and Third-Party Plaintiffs-Respondents. AMERICAN MOTORISTS INSURANCE COMPANY, Third-Party Defendant-Appellant.— GIBSON, P. J. Appeal from a judgment of the Supreme Court at Trial Term in favor of third-party plaintiffs in a third-party action for declaratory judgment that third-party defendant is bound, under its policy of liability insurance issued to third-party plaintiffs, to defend the primary action brought to recover damages for personal injuries allegedly sustained by plaintiff by reason of defendants' negligence in the maintenance of a stairway upon which plaintiff, on June 21, 1962, allegedly fell. (Opinion on prior appeal, 25 A D 2d 472.) The issue is that raised by the defense interposed by third-party defendant's answer that no notice of the " occurrence ", being the accident of June 21, 1962, was given until January 2, 1963, contrary to the terms of the homeowners policy, providing: " CONDITIONS. * * * 4. Notice of Occurrence. When an occurrence takes place, written notice shall be given by or on behalf of this Insured to this Company or any of its authorized agents as soon as practicable." The complaint alleges that plaintiff, while in the course of his duties as a postman in the employ of the United States postal department, fell upon a defective stairway maintained by defendants on their residence premises. The uncontradicted proof is that

neither defendant witnessed the occurrence; that plaintiff, their regular post-man, never mentioned it to them; and that their first notice of the accident came a week or so thereafter when the plaintiff's superior, the postmaster at Kingston, telephoned the defendant-insured Caroline Enright and told her that Mr. Bonavita "had fallen just prior to his vacation and didn't report it until he came back * * * [f]rom his vacation". In the same conversation the postmaster said, according to Mrs. Enright, that Mr. Bonavita had "hurt his back or something, but he [the postmaster] said not to worry about it"; and when Mrs. Enright asked him what she should do, he said, "Well, don't worry about it. The compensation should cover that." This conversation, which Mrs. Enright related to her husband, was the only notice of the accident that either of them had until late December, 1962, when they received a so-called claim letter from Mr. Bonavita's attorneys and promptly delivered it to the insurance company. The postmaster did not testify and insureds' version of the facts as to notice was not contradicted or, indeed, questioned, by anyone. The jury answered in the affirmative the written question submitted to it by the court, as follows: "Was the defendant given written notice of this occurrence by and on behalf of the plaintiffs as soon as practicable?" Appellant contends that the complaint should have been dismissed as a matter of law. In actions in which this defense is tendered, the question becomes one of law only when reasonable minds cannot draw conflicting inferences from the undisputed facts and when no reasonable excuse for the delay has been advanced; but when, as here, opposing inferences can reasonably be drawn from the conceded facts, there arises a factual issue as to whether written notice was given "as soon as practicable", in the language of the policy condition, the meaning and effect of which is to require "that written notice be given within a reasonable time under all the circumstances". (*Deso* v. *London & Lancashire Ind. Co. of America,* 3 N Y 2d 127, 129; citing *inter alia Vanderbilt* v. *Indemnity Ins. Co. of North America,* 265 App. Div. 495, 496; and see *Greenwich Bank* v. *Hartford Fire Ins. Co.,* 250 N. Y. 116; and 31 N. Y. Jur., Insurance, § 1267.) An injury not reported at the time and only after an intervening vacation, and then, not to the alleged wrongdoers but to another, might be found to have been reasonably considered trivial; and appellant, while denying that such an inference could properly be drawn in this case, concedes that a reasonable basis therefor would vitiate the defense. Alternatively or additionally, the jury could find that the failure to give notice prior to receipt of the attorneys' letter was reasonable "under all the circumstances", including, more particularly, the reassurance given Mrs. Enright by the Kingston postmaster, Mr. Bonavito's superior and the holder of a responsible public position, when, in response to her question, he told her not to worry, that "compensation" should take care of it. Alternatively to its argument for dismissal of the complaint, appellant urges reversal and a new trial for supposed errors in the trial court's instructions to the jury. We find no prejudice or substantial error, in the charge; none, certainly, so fundamental or so serious as to warrant reversal in the absence of any objection, exception or request. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Gibson, P. J.