875 Forest Ave. Corp., Respondent, *v.* Ætna Casualty and Surety Company, Appellant.

First Department, June 15, 1971.

*John T. McDonald* of counsel (*J. Robert Morris*, attorney), for appellant.

*Raymond A. Werchen* for respondent.

*Per Curiam.* In this declaratory judgment action plaintiff seeks a declaration that the defendant insurance company is obligated to defend (pursuant to a standard owners', landlords' and tenants' liability policy) on behalf of plaintiff any action or actions brought against it as a result of a certain occurrence of July 16, 1966 and further that defendant is obligated to pay any judgment which may be rendered against plaintiff in any action or actions arising as a result of the incident of July 16, 1966. The defendant has disclaimed liability for the reason that it claims plaintiff violated a condition of the policy which requires the insured to give written notice of an accident " as soon as practicable ". Trial Term determined that there was no violation, and under the circumstances, the notice given was timely. We agree with the well-reasoned decision of Trial Term.

The facts herein are not in dispute. On July 16, 1966, a three-year-old girl, the daughter of a tenant occupying an apartment on the fourth floor of the premises owned by plaintiff, fell from the front window of the apartment and was killed. Two days thereafter, the president of the plaintiff, while making

one of his regular visits to the building was informed of the incident by the caretaker of the building. The president (Mr. Francis) called at the apartment on that day but found no one home. There was testimony establishing the fact that the child had been seen on prior occasions leaning out of the window, apparently calling to passersby with whom she was acquainted. Mr. Francis was unaware of the child's practice prior to July 18, 1966. Very shortly after this unfortunate occurrence, the mother vacated the apartment without making any complaint to the plaintiff. Subsequently, the apartment was re-rented and no repairs were made for the new tenant nor were repairs requested. There is no testimony that plaintiff was aware of any defective condition existing prior to the incident.

The first notice that plaintiff received concerning any claim of liability against it was by letter dated September 13, 1967 from the mother's attorney. The plaintiff then promptly informed the defendant of the claim and the events of July 16, 1966.

The question presented on this appeal is whether the plaintiff was obligated to report the incident of July 16, 1966 immediately upon its discovery of the fact that the child had fallen from the window of its building or whether under the circumstances of this case the plaintiff's notice, given promptly after it first received a claim, was given " as soon as practicable ".

As stated above, Trial Term, in a well-considered decision, found in favor of plaintiff. In reaching its decision, it noted that while various terms are defined in the policy, the word " accident " is not one of them. In construing the section of the policy requiring an insured to give notice of accident " as soon as practicable ", Trial Term was properly guided by the " reasonable expectation and purpose of the ordinary business man when making an ordinary business contract." (*Johnson Corp.* v. *Indemnity Ins. Co. of North Amer.*, 7 N Y 2d 222, 227.) Therefore, the court came to the conclusion that it was the insured's duty to report an accident " when circumstances are such that it would appear to the insured as a prudent man that an accident occurred for which he may be liable or may be sued." In reaching its conclusion, Trial Term made particular reference to *Ripepi* v. *American Ins. Co.* (234 F. Supp. 156, affd. 349 F. 2d 300, 302) wherein the court stated: " The record clearly indicates that notice was given to the insurance company as soon as Ripepi acquired information indicating that the accident was caused by something on his premises and not on the truck. Thus, it was given ' as soon as practicable.' It would be an unusual man who would regard himself as bound to report

an accident he had observed or heard about unless there was about it something which might render him liable.''

We agree with the dissent that the cases relied upon by Trial Term and by the plaintiff may be factually distinguishable from the case at bar. But that does not mean that the principle inherent in various of those decisions does not here apply. Implicit in a number of the cases where late notice was excused is the principle that mere knowledge that an accident has occurred does not always give rise to a duty upon the insured to report such accident to his insurer. The cases cited in the dissenting opinion refer to certain of the situations where late notice was excused. But, those are not the only situations where late notice may be excused. The rule, as applicable to the case at bar is succinctly set forth in New York Jurisprudence (vol. 31, Insurance, § 1281, pp. 81–82) as follows: '' It is generally recognized that the insured may be excused for a delay or failure in giving the required notice to the insurer where it appears that, acting as a reasonable and prudent person, he believed that he was not liable for the accident.'' This case falls squarely within such rule. Plaintiff's knowledge of the incident at the time was not such as to lead it to believe that an accident occurred for which he may or could have been liable. There was nothing in the manner in which the accident occurred which would have suggested the possibility of a liability claim against plaintiff, and we believe it would be unfair (under the provisions of the subject policy) to charge plaintiff in these circumstances with the duty of giving notice when all it knew was simply that an injury occurred on its premises.

The dissent urges that our decision here allows '' an insured * * * to report only those accidents in which in its judgment legal liability is possible.'' But our decision does not allow the insured to make such decision in its unfettered discretion. The insured's decision to give notice of accident is governed by the overriding standard of what a reasonable man would do in the circumstances. Moreover, a different conclusion than here reached might burden an insured with the onerous responsibility of reporting each and every occurrence or event that comes to his knowledge.

Accordingly, the judgment entered May 22, 1970 should be affirmed with costs and disbursements to plaintiff-respondent.

Macken, J. (dissenting). Plaintiff held a standard owners', landlords' and tenants' liability policy, issued by defendant covering plaintiff's Brooklyn apartment building, insuring plaintiff against liability for injury to third persons caused by accident and arising from '' the ownership, maintenance or use of the premises, and all operations necessary or incidental

thereto ''. The policy contained the usual following provision: '' 6. Notice of Accident — When an accident occurs written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.''

July 16, 1966, the three-year-old daughter of a tenant fell from a fourth-story window of the building and was killed. On the ground beside her body was found part of a screen. The caretaker of the building was immediately aware of the occurrence and two days later notified plaintiff's president at which time she told him that on several previous occasions she had seen the child lean out the window and had warned the mother about it. No notice of the accident was given to defendant until shortly after plaintiff's receipt of an attorney's letter dated September 13, 1967, threatening suit. Defendant disclaimed liability under its policy because of plaintiff's alleged failure to give timely notice of the happening of the accident and this action for a judgment declaring the defendant obligated to assume coverage followed.

Concededly, a serious accident occurred on plaintiff's premises and had plaintiff complied with the notice requirement of the policy, defendant was obliged to indemnify it against its liability, if any, arising from the occurrence. Essentially, plaintiff's proferred excuse for failure to give notice is that to him there appeared no indication that he was legally liable or that a claim would ensue and that he therefore gave notice '' as soon as practicable ''. In sustaining plaintiff's position the trial court said: '' The plaintiff was reasonable in assuming that the child accidentally fell out of the window. The advice was not calculated to alert the insured's officer to a potential claim. He made no judgment relating to liability because there were no facts known to him which would bring such a question to mind. I find that the insured was first alerted to the possibility of legal liability flowing from the accident when it received the letter from claimant's attorney. Timely notice to the insurance company was then given of this notice of claim.''

If this conclusion be sound, an insured is required to report only those accidents in which in its judgment legal liability is possible. No reported case remotely supporting such a conclusion has come to my attention. Respondent relies entirely on the authorities cited in the decision below, all of which may be readily distinguished from the case at bar. They fall into three general categories: (1) accidents occurring off the

insured's premises or in which it justifiably believed it was not involved (e.g. *Brennan* v. *Travelers Ins. Co.*, 295 N. Y. 849; *Ripepi* v. *American Ins. Co.*, 234 F. Supp. 156, affd. 349 F. 2d 300; *Ousterhout* v. *Travelers Ind. Co.*, 42 Misc 2d 1058; *Vassilakis* v. *Glens Falls Inc. Co.*, 51 N. J. 96); (2) accidents which the insured justifiably believed resulted in no injury (e.g. *Melcher* v. *Ocean Acc. & Guar. Corp.*, 226 N. Y. 51; *Cooper* v. *Government Employees Ins. Co.*, 51 N. J. 86; cf. *Haas Tobacco Co.* v. *American Fid. Co.*, 226 N. Y. 343); and (3) cases in which the insured was unaware that he was covered by a policy issued to another (e.g. *Greaves* v. *Public Serv. Mut. Ins. Co.*, 4 A D 2d 609, affd. 5 N Y 2d 120).

Under its policy the defendant was required not only to pay any damages assessed against the insured but also to defend any action against the insured "even if * * * groundless, false or fraudulent". The purpose of requiring notice is to permit the insurer to promptly investigate the occurrence to the end that it may adequately defend ensuing actions or settle potential claims. The circumstances here presented do not warrant relieving plaintiff of its contractual obligation to promptly notify the defendant of the occurrence of the accident. (*Greater N. Y. Mut. Ins. Co.* v. *Atlantic Cleaning Serv. Corp.*, 35 A D 2d 736, affd. 28 N Y 2d 726; *Jeannette Glass Co.* v. *Indemnity Ins. Co. of North Amer.*, 370 Pa. 409.)

The judgment appealed from should be reversed and judgment entered declaring (1) that plaintiff failed to notify defendant as soon as practicable of an accident occurring on its premises July 16, 1966, resulting in the death of one Gwendolyn King, and (2) that defendant is not obliged to defend any action or pay any judgment arising out of said accident; with costs and disbursements to defendant.

STEVENS, P. J., CAPOZZOLI, McGIVERN and TILZER, JJ., concur in *Per Curiam* opinion; MACKEN, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on May 22, 1970, affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal.