Jasen, J.
In this declaratory judgment action, we are asked to decide whether an insured, under a liability insurance policy, complied with the terms of the policy requiring notice to the insurer “ as soon as practicable ” after an accident and notice of claim or suit “ immediately ” upon claim or suit, being made.
The plaintiff, Empire City Subway Company (Empire), a construction subsidiary of New York Telephone Co., was named an insured under a policy of liability insurance issued by the defendant, Greater New York Mutual Insurance Company (Greater New York), covering legal liability imposed upon it for negligence on the part of Delee General Construction Corporation (Delee), one of its contractors, in the performance of *11 a highway excavation, backfilling and pavement replacement contract between the parties.
On October 21,1968, several months after the work was completed[1], one Joseph Vitaliano allegedly sustained personal injuries when he stumbled and fell while crossing a public highway in the City of New York, in one of the areas where Delee had previously performed excavation, backfilling and pavement replacement work for Empire pursuant to the terms of the contract between the parties and pursuant to highway opening permits issued by the City of New York to Empire. Thereafter, Vitaliano brought suit against the City of New York to recover damages for his injuries.
On June 29, 1970, the City of New York served a third-party complaint on Empire for indemnification based on the latter’s negligence in not causing the work performed, pursuant to the highway opening permits it has previously issued to Empire, to be properly done. Subsequently, on July 10, 1970, Vitaliano served an amended summons and complaint on Empire, making the latter an additional defendant in his action against the city.
After an examination before trial of Vitaliano, Empire notified Greater New York, on October 29, 1971, of the pendency of the action. Greater New York disclaimed liability under the policy it had issued to Empire on the grounds, among .others, that Empire had. breached condition 8[2] of the policy by failing to notify it of the occurrence of the accident “ as soon as practicable ”, and that Empire had also breached condition 9[3] of the policy requiring it to deliver to Greater New York promptly all legal process or suit papers served on it. Empire thereafter brought the present action for a declaratory judgment seeking *12 to require Greater New York to defend the action and to pay any judgment that might be entered against it in said action.
It is undisputed that Greater New York was first informed of the occurrence of the accident when it received a letter, dated October 29, 1971, from an attorney representing Empire in the action. The letter stated that “ it was only at the examination before trial that Empire City Subway first became aware that there was an existing insurance policy which covered them in respect to work performed by Delee Construction Corporation.”
Based on this claimed belated knowledge of the existence of the liability policy and Empire’s contention at the trial that it was only after Vitaliano’s examination before trial that it became aware that Vitaliano had sustained the alleged injuries in an area where Delee had performed work for Empire, Special Term held that “ Empire was under no obligation to give notice to Greater New York until after the date of the examination before trial [of Vitaliano] ” and “ that under the circumstances in this case timely notice was given.” The Appellate Division affirmed, without opinion. We disagree.
When Empire received the city’s third-party complaint in June, 1970, it was required to exercise reasonable care and diligence to ascertain the facts about the alleged accident, since it then had notice that an accident had occurred in the vicinity of its excavation site. (Security Mut. Ins. co. of N. y. v. Acker-Fitzsimons Corp., 31 N Y 2d 436, 443.) In addition, the city’s third-party complaint, referring as it does to the highway opening permit, should have placed Empire on notice that the alleged accident could have arisen from the excavation work performed by Delee, for which work a permit was required.
Nor does the record support Empire’s claim that notice was given promptly after it had discovered, for the first time, at the examination before trial that Vitaliano has possibly been injured in an area where Delee had excavated. The following cross-examination of William Sells, supervising engineer for Empire, illustrates the speciousness of this claim:
“ Q. Will you answer that, please? Is not that area alleged in [Vitaliano’s original] complaint, Westchester Square and Benson Street, included within the area where Delee Construction Company was to do work, or did perform work pursuant to its contract with Empire City Subway?
*13 “ A. The interpretation, the crosswalk, if you take where Benson Street and Tremont and Westchester Avenue came in, we did no work there. They worked north of the crosswalk.
“ Q. How far north of the crosswalk?
“ A. Well, I would say maybe five or ten feet.
“ Q. In other words, you are saying that because the complaint uses the phrase crosswalk you came to the conclusion that Delee Construction Company did not work in that particular area but rather that they worked some five or ten feet north of the crosswalk?
“ A. That is correct.”
Moreover, the transcript of Vitaliano’s testimony at the examination before trial clearly indicates that he did not change his designation of the area where he was injured from that specified in his original complaint. He testified that just prior to the accident he was walking ‘ ‘ Along Tratman Avenue, until I walk to Benson Street ” and that when he reached Benson Street he “ crossed Westchester Square * * * I am crossing, I am crossing the crosswalk * * * I am crossing, yes, crossing Westchester Square.” Further, “ I was walking, then my foot went into a hole about ten, twelve feet from the curb [at the] * # * corner of Benson Street.” In short, Vitaliano testified that he was injured as he crossed Westchester Square from the northwest corner of Benson Street, the exact location specified in his original complaint.
While a good-faith belief of nonliability may excuse or explain a seeming failure to give timely notice (Security Mut. Ins. Co. of N. Y. v. Acker-Fitzsimmons Corp., supra, at p. 441; 875 Forest Ave. Corp. v. Aetna Cas. & Sur. Co., 37 A D 2d 11, affd. 30 N Y 2d 726), that belief must be reasonable under all the circumstances. A reasonably prudent person, faced with a complaint alleging injuries sustained because of defects in a highway at a place described only generally but still within “ five to ten feet ” from where that person had recently completed excavation work, would at least have taken measures to ascertain whether the situs of the accident was within the area where the work was performed before concluding that there was no basis for liability. Where, as here, an accident occurs which may fall within the coverage of an insurance policy the insured may not, without investigation, gratuitously conclude that coverage does *14 not exist. (Haas Tobacco Co. v. American Fid. Co., 226 N. Y. 343, 347.)
Since Empire has failed to offer any credible explanation for the 16-month delay in notifying Greater New York of Vitaliano’s claim, the order of the Appellate Division should be reversed and judgment entered in favor of defendant Greater New York Mutual Insurance Company.
Chief Judge Bbeitel and Judges Gabbielli, Jones, Wachtleb, Babin and Stevens concur.
Order reversed, with costs, and judgment granted in favor of defendant-appellant Greater New York Mutual Insurance Co.

. It is conceded by the parties that the above-described insurance policy was still in effect.

. "8. Notice of Accident. When an accident' occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and all available witnesses.”

. “ 9. Notice of Claim or Suit. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.”