Memorandum. Order affirmed, with costs.
Both the trial court and a majority of the Appellate Division found as an ultimate fact that the circumstances in this case did not give insured any notice that there was a possibility of liability for any defect in the rebuilt used machine it had previously sold. Both courts stressed that insured learned of the accident only incidentally because he was called to inspect the correctness of the reassembly of the machine sometime after the accident. Involved is a finding of fact *822 beyond review by this court. The circumstances are quite different from those in 875 Forest Ave. Corp. v Aetna Cas. & Sur. Co. (37 AD2d 11, affd 30 NY2d 726), and Empire City Subway Co. v Greater N. Y. Mut. Ins. Co. (35 NY2d 8). In the Forest Ave. case, there was no basis to permit a finding or inference of notice. In the Empire City case, the circumstances established that an accident had occurred and the only question was its location. Indeed, the location was determinative of the identity of the one subject to liability; hence, the reversal for failure to offer any credible explanation of the delay in giving notice (p 14).
On this view, there was sufficient evidence to sustain the finding of fact by the courts below, and this court is powerless to overturn the result.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.