SECOND DEPARTMENT, DECEMBER, 1975

(December 1, 1975)

■ COLUMBUS TRUST COMPANY, Respondent, v HANOVER INSURANCE COMPANY, Appellant, et al., Defendant.—In an action to declare that one or the other of the defendant insurers is obligated to defend and indemnify plaintiff upon a counterclaim in a certain action, defendant Hanover Insurance Company appeals from so much of an order of the Supreme Court, Orange County, dated July 15, 1975, as denied its motion for summary judgment. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements; motion granted; and it is declared that defendant Hanover Insurance Company is not required to defend or indemnify plaintiff with respect to the second counterclaim in the action pending in the County Court, Orange County, between plaintiff and one Herschel Edwards. Appellant issued a 20-page, three-year, multiperil insurance policy covering plaintiff, a commercial bank, in 1968. The policy obligated appellant to defend and indemnify plaintiff in false arrest and malicious prosecution actions, provided it received notice of the actions as soon as practicable. During the term of the policy plaintiff caused Mr. Herschel Edwards to be arrested and prosecuted for grand larceny. Mr. Edwards was acquitted of the charge in 1971. In 1972, after plaintiff had purchased a different policy from a new insurer, it brought an action against Mr. Edwards for fraud; Mr. Edwards interposed a counterclaim for false arrest and malicious prosecution. Plaintiff failed to notify appellant of the counterclaim until April, 1974. The excuse offered for its delay was that plaintiff was unaware of the coverage provided by the policy because it was issued in a confusing and unreadable manner and that it only became aware of the coverage when it instituted a systematic review of its insurance coverages in March, 1974. Plaintiff asserts that it notified appellant of the Edwards action as soon as the relevant clauses were uncovered. Although the question of whether a delay in giving notice pursuant to a clause in an insurance contract is reasonable is usually one for a jury, there are instances in which the delay can be said to be unreasonable as a matter of law (see, e.g., *Haas Tobacco Co. v American Fid. Co.,* 226 NY 343; *Rushing v Commercial Cas. Ins. Co.,* 251 NY 302; *Empire City Subway Co. v Greater N. Y. Mut. Ins. Co.,* 35 NY2d 8; *Acosta v Roach,* 12 Misc 2d 494). This is such an instance. Plaintiff, a commercial bank, was familiar with form contracts; the provisions here in question were not obscure or confusing. The real reason for plaintiff's failure to notify appellant of the malicious prosecution and false arrest action was its negligence in failing to familiarize itself with its insurance policies. This negligence, which led to a two-year delay in giving notice of the Edwards claim, freed appellant, as a matter of law, from its obligation to defend and indemnify respondent. Gulotta, P. J., Rabin, Hopkins, Martuscello and Cohalan, JJ., concur.