■ PETER VAN OPDORP et al., Infants, by Their Father, HAROLD J. VAN OPDORP, et al., Respondents, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.—Order unanimously affirmed, with costs, Simons, J., not participating. Memorandum: Defendant appeals from a denial of its motion for summary judgment made pursuant to CPLR 3212. Plaintiffs assert a cause of action under section 167 (subd 1, par [b]) of the Insurance Law, based upon a judgment entered against defendant's insured after defendant disclaimed on its policy of insurance. Defendant alleges that the insured failed or refused to co-operate with it in violation of the terms of the policy. In order to justify its disclaimer, defendant must satisfy the threefold test enunciated in *Thrasher v United States Liab. Ins. Co.* (19 NY2d 159). The insurer must demonstrate that it acted diligently in seeking to bring about the insured's co-operation; that the efforts employed by the insurer were reasonably calculated to obtain the insured's co-operation; and that the attitude of the insured, after his co-operation was sought, was one of willful

and avowed obstruction *(id.,* p 168; see, also, *Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.],* 36 NY2d 719, 721). The burden of proving the insured's lack of co-operation is "a heavy one indeed" and rests solely upon the defendant *(Thrasher v United States Liab. Ins. Co., supra,* p 168; see, also, Insurance Law, § 167, subd 5). To succeed on its motion for summary judgment the defense of non-co-operation must be established "as a matter of law" upon all the papers and proof submitted (CPLR 3212). On August 5, 1969 a motor vehicle accident occurred which gave rise to a suit by plaintiffs against defendant's insured. Counsel for defendant appeared and answered on behalf of the insured. An examination before trial was scheduled for June 14, 1971 and he was duly notified. By letter dated May 27, 1971 the insured wrote to defendant's counsel as follows: "In response to your letter dated May 14, 1971, I wish to inform you, as I did the Insurance Co. quite some time ago, that I am no longer a resident of N.Y. State as of August 1970. I now reside at 12-½ Underwood Ct., Newport, R.I. Approximately 450 miles from the courthouse in Cananandaigua *[sic],* N.Y. This is one factor and also that my mother is in the final stages of terminal cancer and I'd like to stay as close to home as possible. "Please advise." Defendant's counsel rescheduled the examination for August 25, 1971, advised the insured of the new date and sought a response by August 2, 1971. When the insured failed to respond, a member of defendant's law firm telephoned the insured on August 9, 1971. In reference to this telephone conversation, the affidavit of defendant's counsel in support of this motion states only that the insured "failed to confirm that he would appear". No other allegation is included which would bear upon the insurer's efforts and diligence, or the co-operation, or lack thereof, of the insured. Defendant's counsel then notified plaintiffs' attorneys that the insured would not appear to be examined "as he was no longer a resident of New York State". Plaintiffs' attorneys thereafter procured an order directing that the insured appear for the examination in Geneva, New York, no later than November 1, 1971, and rescheduled the examination for October 26, 1971. By letter of October 8, 1971, defendant's counsel advised the insured of the court's order and the rescheduled date, and stated: "if you fail to appear at the time and place designated * * * the Merchants Mutual Insurance Company will disclaim any and all obligation or responsibility under its policy of insurance * * * on the basis of your failure to appear and be examined". The insured did not appear and a letter of disclaimer, asserting that the insured had willfully refused to co-operate in violation of the terms of the policy, was sent on October 27, 1971 by defendant's counsel to the insured and to all interested parties and attorneys. Applying the rule that "issue-finding, rather than issue-determination," is the key to a motion for summary judgment *(Sillman v Twentieth Century-Fox,* 3 NY2d 395, 404), we find that issues of fact remain unresolved. Defendant's papers in support of its motion fail to show, *inter alia,* whether plaintiffs were given an opportunity to conduct a pretrial examination of the insured out of State and whether such an arrangement would have been agreeable to the insured; whether an agreement was possible by which the examination of the insured might have been conducted in New York State shortly before trial, thus requiring the insured to make only one trip to this State for the disposition of his case; and whether the conduct of the insured in the telephone conversation of August 9, 1971 and at other times, could be characterized as one of "wilful and avowed obstruction". Additionally, the record is unclear as to what extent, if any, the "terminal cancer" of the insured's mother restrained the insured from attending examinations in New York State.

812

Defendant has failed to establish the defense of non-co-operation as a matter of law and the issues must be submitted to a jury *(Seltzer v Indemnity Ins. Co. of North Amer.,* 252 NY 330). (Appeal from order of Ontario Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.