■ Utica Mutual Insurance Company, Appellant, v C. L. Haines Manufacturing Co., Inc., Respondent.—Judgment unanimously reversed, on the law and facts, with costs, and judgment granted in favor of plaintiff, Simons, J., not participating. Memorandum: In this declaratory judgment action the threshold issue is whether the defendant insured complied with a

liability insurance policy provision requiring notice to the plaintiff insurer "as soon as practicable" after an "occurrence". An "occurrence" is defined in the policy as "an accident, including injurious exposure to conditions, which results * * * in bodily injury or property damage." Defendant corporation manufactured and sold to Childress Brothers' Farm in Alabama an automatic potato seed cutter which is used to cut potatoes into small pieces for seeding. The sale was made through Thomas Kennedy, a self-employed manufacturer's representative, and the seed cutter was shipped to Childress Brothers on February 19, 1974. As of that date 28 such machines had been manufactured and sold to various purchasers, another of whom was Patrick Mahaney, a potato farmer in Arkport, New York, who bought one in April, 1972. On March 4, 1974 Tommie Lou Jones, an employee of Childress Brothers, caught her hand in the machine and it was amputated. About one month after delivery of the seed cutter to Childress Brothers, Kennedy visited their farm and was told by one of the owners, Elwood Childress, that a woman employee caught her hand in the machine and was seriously injured. No further details of the accident or identification of the injured party were given to Kennedy, nor was he advised of any complaint about any defect in the manufacture or operation of the machine. Indeed, Elwood Childress was complimentary of the machine's performance. While Kennedy testified that in a telephone conversation shortly thereafter he told an unnamed individual at Haines Corporation about the accident, it was not until mid-April, 1974 that he visited the offices of Haines Corporation and told its president, Carol L. Haines, his limited knowledge of the accident and the injury. In late April or early May, 1974, shortly after Kennedy had told Haines of the Alabama incident, Patrick Mahaney caught his left arm in his seed cutter but he was able to pull it free before he suffered any serious injury. He sustained a small cut on his finger, cut his leather glove and "ruined" his wristwatch. His testimony is undisputed that upon the happening of this accident, "I shut the machine off and went directly to the phone and I called Haines Manufacturing up and I told them that I wanted immediately something to protect that so that this could not happen again to me or anybody else." The following morning Mahaney saw Carol Haines at the manufacturing shop and told him that he wanted Haines to pay for ruining his wristwatch. A protective guard, fabricated by the Haines Corporation, was installed on Mahaney's seed cutter that day and one was later installed on the Childress Brothers' seed cutter and on all others which had been sold. The first notice given to the insurance carrier regarding the Tommie Lou Jones' occurrence was on March 24, 1975 after a personal injury suit had been instituted by her against the Haines Corporation and others. A provision in an insurance policy that notice be given "as soon as practicable" after an accident or occurrence "merely requires that notice be given within a reasonable time under all the circumstances" *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441; see Insurance Law, § 167, subd 1, par [d]). The giving of the required notice is a condition to the insurer's liability, and a failure to comply with the notice requirement vitiates the policy *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., supra,* p 440; see Insurance Law, § 167, subd 1, par [d]). Defendant's president contends that on the sketchy information given to him by Kennedy, he had no reason to believe that liability for the injury to Tommie Lou Jones would be imposed upon his company. While it is true that a good faith belief of nonliability may excuse a seeming failure to give timely notice to the insurer *(Empire City Subway Co. v Greater N. Y. Mut. Ins. Co.,* 35 NY2d 8, 13; *875 Forest Ave. Corp. v Aetna Cas. Sur. Co.,* 37 AD2d 11,

affd 30 NY2d 726), the insured must exercise reasonable care and diligence to keep himself informed of accidents out of which claims for damages may arise *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., supra;* 2 NY PJI 1042). It is clear that the defendant never received formal notice of any claim until March, 1975. The only proof of any notice to Haines of the Alabama accident derives from his conversation with Kennedy, who had no burden to report the event to him (see *Greater N. Y. Mut. Ins. Co. v Kalfus Co.,* 37 NY2d 820). Viewing the facts most favorably to the defendant, we cannot conclude that the Kennedy information, even when coupled with the Mahaney report, was a sufficient predicate for giving immediate notice to the insurer. The two events together, however, should have "cause[d] a reasonable and prudent person to investigate the circumstances, ascertain the facts, and evaluate his potential liability" *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., supra;* see *Empire City Subway Co. v Greater N. Y. Mut. Ins. Co., supra).* The defendant had notice of a claimed defect in the product and that two individuals independently had caught their hands in two separate seed cutters. A protective guard was fabricated and installed on all machines which had been manufactured and sold. Armed with this data, a burden fell upon defendant to inquire more deeply into the "occurrence" at the Childress Brothers' Farm. Failing to have done so and thus to have determined its potential liability, the defendant cannot now rely upon a belief of nonliability to justify its failure for almost 11 months to give the required notice to the plaintiff *(Empire City Subway Co. v Greater N. Y. Mut. Ins. Co., supra; Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons, Corp., supra).* In the view thus taken, there is no need to decide the other issues raised by plaintiff on this appeal. (Appeal from judgment of Steuben Supreme Court—declaratory judgment.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.