HARTFORD FIRE INSURANCE COMPANY, Appellant, v BRONIS-LAUS MASTERNAK et al., Respondents, and DIANA MASTER-NAK, Respondent-Appellant.

Fourth Department, January 21, 1977

*Smith, Murphy & Schoepperle (Frank Godson* of counsel), for appellant.

*Terry D. Smith (James M. De Voy* of counsel), for respondent-appellant.

*Whitcher & Kelleran (Francis R. Whitcher* of counsel), for respondents.

*Per Curiam.* In this declaratory judgment action, plaintiff appeals from an order denying its motion for summary judgment under CPLR 3212, and defendant Diana Masternak cross-appeals from a denial of her motion for summary judgment.

The action seeks a declaration that the defendants Bronislaus Masternak and Dorothy Masternak (insureds) violated the terms and conditions of the insurance policy issued to them by plaintiff and thus that plaintiff has no duty to defend them or to pay any judgment rendered against them in a negligence action now pending in Supreme Court, Erie County, brought by their daughter Dinaa Masternak. Counsel for the plaintiff here also serve as counsel for the insureds in the negligence action.

Diana Masternak, who resided with her parents, alleges that she was injured on October 17, 1971 as a result of falling down the stairs at their home. The record reveals a claim by Diana Masternak that she telephoned plaintiff's insurance agent approximately one week after the accident and was informed that a relative of the insureds, residing in the insureds' household, was not covered under the homeowner's policy issued by plaintiff. It is undisputed that plaintiff was not given notice of the accident until it received a letter of July 9, 1973 from Diana Masternak's counsel. Her counsel asserts in an affidavit in response to plaintiff's motion that in a telephone conversation with him on August 8, 1973, plaintiff's claim adjuster also stated a belief that there was no coverage in the circumstances.

In response to plaintiff's claim that the insureds failed to

comply with the provision of the policy requiring notice to plaintiff "as soon as practicable" after an "occurrence", the insureds argue that they did not believe that their daughter could lawfully bring suit against them and thus, in their view, no purpose would have been served by notifying the insurance carrier.

Plaintiff also argues that the insureds violated the co-operation clause of the policy by giving a statement to Diana Masternak's counsel and by withholding information from its representative.

Special Term properly found that the issues of timeliness of notice to the insurance carrier and alleged non-co-operation of the insureds, presented questions of fact to be determined at trial. While it is true that the "giving of the required notice is a condition to the insurer's liability, and a failure to comply with the notice requirements vitiates the policy" *(Utica Mut. Ins. Co. v Haines Mfg. Co.,* 55 AD2d 834), it is equally well established that a requirement that such notice be given "as soon as practicable" after an accident "merely requires that notice be given within a reasonable time under all the circumstances" *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441; *Deso v London & Lancashire Ind. Co. of Amer.,* 3 NY2d 127, 129; see Insurance Law, § 167, subd 1, par [d]). Failure to give timely notice to the insurer may be excused when premised upon the insured's good faith belief of nonliability *(Empire City Subway Co. v Greater N. Y. Mut. Ins. Co.,* 35 NY2d 8, 13; *875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.,* 37 AD2d 11, affd 30 NY2d 726).

Here the insureds assert that their failure for more than 20 months to give notice of an accident was occasioned by their belief that they were not liable for injuries sustained in their household by a relative residing therein. Where the insured offers some excuse for the delay in giving notice, the issue of whether such delay is reasonable in the circumstances is ordinarily a question of fact *(Deso v London & Lancashire Ind. Co. of Amer., supra; Bonavita v Enright,* 30 AD2d 1027; *Greyhound Corp. v General Acc. Fire & Life Assur. Co.,* 19 AD2d 419, mod on other grounds 14 NY2d 380). It is only when no excuse is offered for the delay, or when no credible evidence supports the proffered excuse, that notice will be held untimely as a matter of law *(Greater N. Y. Mut. Ins. Co. v Kalfus Co.* 37 NY2d 820, mot for rearg den 38 NY2d 826; *Columbus Trust Co. v Hanover Ins. Co.,* 50 AD2d 798).

Similarly, in order to succeed on its motion for summary judgment, plaintiff must establish its claim of non-co-operation "as a matter of law" upon all of the papers and proof submitted (CPLR 3212). The burden of proving the insured's lack of co-operation is "a heavy one indeed" and rests solely upon the plaintiff *(Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168; *Van Opdorp v Merchants Mut. Ins. Co.,* 55 AD2d 810; *Alexander v Stone,* 45 AD2d 216; see Insurance Law, § 167, subd 5). Whether the insureds violated the co-operation clause of the policy in meeting with and giving a statement to the attorney for Diana Masternak, and whether non-co-operation is reflected in the insureds' statement to plaintiff's representative, present questions of fact for determination at trial. We pointedly note, however, that plaintiff's assertion of a lack of co-operation by the insureds in refusing to claim an attorney-client privilege in order to protect plaintiff's file from discovery by Diana Masternak, is without merit in the circumstances.

Plaintiff's attorneys are serving in a dual and potentially conflicting role. While it is true that this action involves a determination of the rights of parties to a contract of insurance, and their representation of the insureds in the related negligence action involves questions of liability and damage (see Inf Opn No. 873, dated Aug. 4, 1965, ABA Standing Committee on Professional Ethics), the potential for conflict becomes readily apparent when they call upon the insureds to assert a privilege which arises from representation by the same attorneys who now labor adversely to their interests. It may well be that an assertion of the privilege of confidentiality by the insureds will work to their detriment in this action and will dilute their defense to plaintiff's claim of noncoverage.

Therein lies the peril of the dual role of plaintiff's counsel. It leads to claims of prejudice, as we have here, arising from speculation as to what portion, if any, of the legal representation of the insureds in the negligence action, after the execution of the nonwaiver agreement, was geared to accumulating evidence in support of plaintiff's assertions in this declaratory judgment action.

Additionally, it appears that counsel's dilemma is not unknown to them, as indicated in their letters to the attorneys defending the insureds in this declaratory judgment action. They wrote on February 26, 1975: "While the decision is

entirely theirs [insureds'], we think it only fair to advise you that if they waive the privilege, the Hartford will treat such waiver as a further basis for their motion for summary judgment on the ground of non-cooperation."

Again on March 5, 1975, they wrote: "Our relationship with Bronislaus and Dorothy Masternak in the bodily injury case is temporarily affected by the existence of the coverage controversy".

Surely the insureds no longer can rely upon the advice of counsel who were furnished to them by plaintiff, a circumstance which strikes at the very nature of the attorney-client relationship. Here plaintiff's lawyers were first retained by plaintiff to defend its insureds in litigation. The insureds thus became the clients of those attorneys and deserving of total fidelity, despite the fact that plaintiff pays the attorneys' fees *(Matter of Kelly,* 23 NY2d 368; *Matter of Mahan,* 237 App Div 664; cf. Code of Professional Responsibility, canon 5).

We recognize that familial confidences may well exist in interplay among these defendants, but that possibility will be explored at trial and will not justify the duality of legal representation we see here. In those situations where such representation may be permissible, at the very least the lawyer must make full disclosure of the nature and extent of any potential conflict and obtain the consent of the clients to continued representation *(Matter of Kelly, supra; Moller v Pickard,* 232 NY 271, 274; *State Farm Mut. Auto. Ins. Co. v Walker,* 382 F2d 548, cert den 389 US 1045; cf. Code of Professional Responsibility, canon 5).

The record here is silent as to disclosure and consent, but in any event we are confronted with the appearance of a patent conflict which will not be overcome by the happening of those events. "Where divided loyalties exist, a lawyer may inadvertently, and despite the best of motives, be influenced and act detrimentally to the client, or the appearance of misconduct will be unavoidable". *(Matter of Kelly, supra,* p 378; cf. *City Bank Farmers Trust Co. v Cannon,* 291 NY 125, 130). Persuasive argument is made here as to the appearance of impropriety, and before further proceedings are had there should be appropriate substitution of counsel (cf. *Rimar v Continental Cas. Co.,* 50 AD2d 169).

While we hold that the "defense" alluded to in the non-waiver agreement and, indeed, in the policy of insurance, presumes the furnishing of counsel unfettered by divided

loyalty and fully committed to the highest standards of legal representation in the best interests of the insureds, we cannot agree with defendants' assertion that plaintiff's conduct in retaining the same counsel in the two actions vitiates the nonwaiver agreement. That agreement was assented to and executed by the insureds with full knowledge of plaintiff's position. Upon the limited facts before us, we do not hold that plaintiff is estopped as a matter of law from asserting its validity *(O'Dowd v American Sur. Co. of N.Y.,* 3 NY2d 347, 355; *Weatherwax v Royal Ind. Co.,* 250 NY 281; *Jewtraw v Hartford Acc. & Ind. Co.,* 280 App Div 150).

Special Term properly denied Diana Masternak's cross motion for summary judgment.

CARDAMONE, J. P., SIMONS, GOLDMAN and WITMER, JJ., concur. DILLON, J., not participating.

Order unanimously affirmed with costs.