■ LAURA ACCESSORIES, INC., Appellant, v TRAVELERS INSURANCE COMPANY, Respondent.—Order and judgment (two papers) of the Supreme Court, New York County, entered in the office of the clerk on May 11, 1978 and June 25, 1978 respectively which granted defendant's motion for summary judgment to dismiss the complaint and dismissed the complaint, unanimously reversed, on the law, with $75 costs and disbursements payable to appellant by respondent, the motion denied, judgment vacated and complaint reinstated. Following recovery of a judgment by plaintiff against Marino Express, Inc., by default for $93,279.12 and the return of an execution unsatisfied and the service of a copy of the judgment upon defendant herein, the insurance carrier of Marino Express, Inc., plaintiff instituted suit for that amount against defendant herein under section 167 of the Insurance Law, to recover damages for the loss of its merchandise shipped by Marino Express, Inc. Special Term rested its ruling "solely on the ground that there is no present judgment against the individual who is

the named insured." There is present in the lawsuit an issue relating to defendant's intention to insure. There is evidence which supports the conclusion that the parties to the insurance contract intended to have that policy afford coverage to Marino Express, Inc., the plaintiff's judgment debtor; that Mr. Marino freely interchanged the names Marino Express and Marino Express, Inc., when referring to his business and that there was only one entity, operating under a legal corporate name with an everyday trade name of Marino's Express. Defendant offered no proof that there were separately conducted businesses. The name of the insured as stated in the policy is not the sole factor to be considered in determining who was the intended insured (Matter of Lipshitz v Hotel Charles, 226 App Div 839, affd 252 NY 518; Matter of Black v Swetnick, 281 App Div 997). Because plaintiff should have an opportunity to obtain discovery and examine defendant's witnesses to ascertain the intended risk (CPLR 3212, subd [f]) the grant of summary judgment was, in any event, premature. Concur—Birns, J. P., Silverman, Evans, Fein and Markewich, JJ.