CONCETTA LO TEMPIO, Individually and as Parent and Natural Guardian of VINCENT LO TEMPIO, an Infant, Respondent, v SAFECO INSUR-ANCE COMPANY OF AMERICA, Appellant.—Order unanimously affirmed, with costs. Memorandum: On appeal from Special Term's denial of its motion for summary judgment, defendant contends that its liability insurance policy does not afford coverage for the accident upon which the infant plaintiff's claim is based and that, in any event, it should be relieved of liability because the policy provisions requiring notice of the accident and co-opera-tion by the insured were violated. On the record as submitted, it cannot be said that defendant has established any defense "sufficiently to warrant the court as a matter of law" to direct judgment in its favor (CPLR 3212, subd [b]). On September 18, 1972 defendant's affiliate issued a liability insurance policy to "Anthony LoTempio d/b/a Crib Rib II", a designation which appears to be a mistake chargeable to defendant since it is undisputed that the proper name of the restaurant located at 3382 Bailey Avenue, Buffalo, was Rib Crib II. Although the policy indicated that the restaurant was individually owned, Anthony Lo Tempio acknowledges that it was owned by a partnership consisting of himself and one Joesph Giambra. Giambra was also a principal in a restaurant at 22 East Chippewa Street owned by Rib Crib, Inc., and in which Anthony Lo Tempio had no interest. On September 24, 1972 the infant plaintiff, 12-year-old son of Anthony Lo Tempio and plaintiff Concetta Lo Tempio, was at the premises of Rib Crib, Inc., on East Chippewa Street. It is alleged that while he was performing services for the benefit of Rib Crib II "he was caused to slip and fall which caused his right arm to be pulled into a meat grinder thereby traumatically amputating the arm below the level of the elbow." It appears to be plaintiffs' claim that at the time of the accident both plaintiffs were preparing meat for use in both restaurants. While Anthony Lo Tempio concedes that he did not notify defendant of the accident until August 19, 1974, he asserts that he was unaware of the potential liability of Rib Crib II until he received from

plaintiffs' attorney a letter dated August 14, 1974. Although defendant did not immediately disclaim on the policy, a nonwaiver agreement was executed on January 7, 1975 whereby defendant and Anthony Lo Tempio agreed that there would be no relinquishment of either's rights under the policy. It was not until May 21, 1975 that defendant unequivocally asserted that there was no coverage under the policy. Thereafter, these plaintiffs instituted an action against both Rib Crib, Inc., and Rib Crib II. On September 16, 1975 Anthony Lo Tempio was notified by the defendant that it would neither defend nor indemnify Rib Crib II with respect to the action. Rib Crib, Inc., settled the action as against it for $50,000 and a default judgment was entered on December 1, 1977 in favor of these plaintiffs against Rib Crib II in the sum of $203,058.71. Plaintiffs now seek recovery of that amount from defendant. The drastic remedy of summary judgment will not be granted where there is any doubt as to the existence of a triable issue of fact *(Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57, 61). Additionally, where the terms of an insurance policy are ambiguous or are subject to more than one reasonable construction, the policy must be construed most favorably to the insured and most strictly against the insurer *(Farm Family Mut. Ins. Co. v Bagley,* 64 AD2d 1014). Defendant first claims that the policy did not cover accidents occurring away from the premises of Rib Crib II. The policy coverage is limited to "the premises designated in the declarations". The policy as submitted does not otherwise set forth the "declarations". Even assuming, as defendant contends, that page 1 constitutes the declarations, the portion thereof which purports to establish the "Location of Premises" to which the "insurance afforded shall apply" is either blank, or obliterated by a cancellation statement. Defendant relies solely upon the documents submitted in support of its motion and those documents do not conclusively establish the policy exclusion which defendant asserts. On the basis of the information submitted, the policy is unclear and ambiguous, and thus must be construed most favorably to the insured. Nor has defendant established as a matter of law that because the Rib Crib II business venture was a partnership rather than individually owned, the policy does not cover the infant plaintiff's accident and injuries. In light of Anthony Lo Tempio's assertions that he fully revealed to defendant's agent that the restaurant was to be operated by a partnership and that he was assured by the agent that "full business insurance" would be provided for "Rib Crib II", summary judgment should not be granted until proof is offered showing the party intended to be insured *(Laura Accessories v Travelers Ins. Co.,* 67 AD2d 638). Defendant next contends that the policy condition requiring the giving of notice "as soon as practicable" was violated. While we agree that the insured's delay of almost 23 months in notifying defendant of the infant plaintiff's accident appears to be unduly excessive the issue to be resolved is whether the notice was given within a reasonable time under all the circumstances *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Deso v London & Lancashire. Ind. Co. of Amer.,* 3 NY2d 127; *Hartford Fire Ins. Co. v Masternak,* 55 AD2d 472). It is well settled that "Failure to give timely notice to the insurer may be excused when premised upon the insured's good faith belief of nonliability [citations omitted]." *(Hartford Fire Ins. Co. v Masternak, supra,* p 474). Anthony Lo Tempio asserts that he was unaware of the potential liability of Rib Crib II for the injuries suffered by the infant plaintiff until so informed by infant plaintiff's counsel. While the issue of whether the circumstances required that he make an investigation to determine potential liability has

not specifically been addressed on this motion (see *Empire City Subway Co. v Greater N. Y. Mut. Ins. Co.,* 35 NY2d 8; *Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp., supra; Haas Tobacco Co. v American Fid. Co.,* 226 NY 343), that question and others must await the presentation of sufficient evidence to determine whether Anthony Lo Tempio's failure to notify the insurer before he did was reasonable (see *Mighty Midgets v Centennial Ins. Co., supra).* Finally, the defendant has wholly failed at this stage of the proceedings to meet its heavy burden of demonstrating the insured's non-cooperation *(Hartford Fire Ins. Co. v Masternak, supra; Van Opdorp v Merchants Mut. Ins. Co.,* 55 AD2d 810, 811). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.