■ DURACELL INTERNATIONAL, INC., Appellant, v HOME INSURANCE COMPANY et al., Respondents, et al., Defendants.— Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered January 6, 1988, which denied plaintiff's motion for partial summary judgment, granted the cross motion of the defendant The Home Insurance Company (Home) for partial summary judgment, and granted the cross motion for summary judgment of defendant Columbia Casualty Company, is unanimously modified, on the law and on the facts, to the extent of granting the cross motion of defendant Home, only insofar as to declare that Home has no duty to defend plaintiff in an action, entitled *Emhart Indus. v Duracell Intl.* (US Dist Ct, D Conn, No. H-85-474 transferred to D Tenn, No. 1-85-0055), and except as thus modified, otherwise affirmed, without costs.

During the period 1970-1979, P.R. Mallory & Company, Inc. (Mallory) purchased, as the named insured, primary liability insurance from The Home Insurance Company, and excess liability insurance from Columbia Casualty Company (Columbia). When this insurance was purchased, Mallory was engaged in the business of, *inter alia,* manufacturing electronstatic capacitors in plants located in Indiana, Kentucky, and Tennessee, and, in that manufacturing process, Mallory used polychlorinated biphenyls (PCB).

In 1979, Mallory sold, *inter alia,* its capacitor manufacturing operations to Emhart Industries, Inc. (Emhart), and that sale included the plants, mentioned *supra.* Pursuant to the provisions contained in the purchase agreement, Mallory agreed to indemnify, and Dart Industries, Inc., which was Mallory's parent company, guaranteed Emhart against financial liability, which might arise from the use of PCB.

On or about February 28, 1980, Mallory changed its corporate name to Duracell International, Inc. (Duracell), and Duracell became the successor in interest to Mallory.

Subsequently, in 1985 and 1986, three actions were commenced in Federal court against Duracell concerning PCB contamination.

In a 1985 action, entitled *Emhart Indus. v Duracell Intl.* (D Conn, No. H-85-474 transferred and consolidated with D Tenn,

No. 1-85-0055, *supra),* Emhart sought to recover damages from Duracell for, *inter alia,* breach of the indemnity agreement and fraud.

The other two PCB actions are class actions, which were commenced, in 1985 and 1986, in a United States District Court, located in Tennessee, by former employees of the Tennessee plant against, among other defendants, Duracell and Emhart. Those actions are entitled *Brewer v Monsanto Corp.* (D Tenn, No. 1-85-0071 *[Brewer I])* and *Brewer v Ravan* (D Tenn, No. 1-86-0061 *[Brewer II]).* In substance, while the plaintiffs in *Brewer I* allege personal injuries, the plaintiffs in *Brewer II* allege property damage.

Duracell (plaintiff) commenced, in 1987, in the Supreme Court, New York County, the instant action against a number of named insurance carriers, including Home and Columbia, which seeks a declaratory judgment that the defendant carriers are required to defend plaintiff in the *Emhart, Brewer I* and *Brewer II* actions *(supra).*

After defendants Home and Columbia served their answers, plaintiff moved for partial summary judgment against them. In response, Home cross-moved for partial summary judgment, and Columbia cross-moved for summary judgment. In its order, the IAS court denied the motion and granted the cross motions, which held Home and Columbia did not have to defend plaintiff in the three actions.

Our examination of the policies issued by defendant Home indicates that this carrier's obligation is to defend the plaintiff insured against all personal injury and property damage claims made by third parties, which occur during the policy period. After review of the complaints in the three actions, we find that only the allegations made in the complaints in *Brewer I* and *Brewer II (supra)* are broad enough to assert claims against the insured, which "may rationally be said to fall within policy coverage, whatever may later prove to be the limits of the insurer's responsibility to pay" *(Schwamb v Fireman's Ins. Co.,* 41 NY2d 947, 949 [1977]). However, although those claims are covered, we further find, based upon the record before us, that there are triable issues of fact as to whether plaintiff gave timely notice of those claims to defendant Home, so as to trigger Home's duty to defend *(Utica Mut. Ins. Co. v Haines Mfg. Co.,* 55 AD2d 834 [1976]). Based upon this analysis, we additionally find that the IAS court erred in determining that defendant Home did not have the duty to defend the insured in *Brewer I* and *Brewer II (supra).*

Accordingly, we modify the IAS order to the extent of granting defendant Home's cross motion only insofar as to declare it has no duty to defend plaintiff in the *Emhart* action *(supra)*.

We have considered the other points raised on appeal, and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Ross, Kassal and Rosenberger, JJ.