■ SOFTWATER BY GEORGE, INC., Respondent, v DRYDEN MUTUAL INSURANCE COMPANY, Appellant.—Judgment unanimously reversed on the law with costs and plaintiff's motion and defendant's cross motion denied. Memorandum: Supreme Court erred in granting plaintiff's motion for summary judgment and directing that defendant insurance company defend plaintiff on the counterclaims in the action entitled *Softwater by George, Inc. v Mark Bradley.* Exclusions (n), (o), and (p) in defendant's policy exclude from coverage property damage to the insured's work, work product, and damages claimed for the costs of correcting the work *(see, Zandri Constr. Co. v Firemen's Ins. Co.,* 81 AD2d 106, *affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.,* 54 NY2d 999). Thus, if the counterclaims seek to recover the costs of correcting the work, they are excluded from coverage. Because questions of fact exist whether the first eight property damage counterclaims entail solely the correction of plaintiff's work, summary judgment is unavailable. With regard to the ninth counterclaim, it sufficiently alleges a cause of action within the scope of the policy's coverage, thus triggering the carrier's duty to defend. It was error, however, for Supreme Court to rule as a matter of law that plaintiff provided defendant with notice of the occurrence " 'as soon as practicable' ". Summary judgment as to all the counterclaims is therefore precluded because a question of fact exists whether notice of the occurrence from which they arose was given " 'as soon as practicable' " *(see, Olsker v Niagara Frontier Transp. Auth.,* 103 AD2d 1011; *Allstate Ins. Co. v Moon,* 89 AD2d 804; *Hartford Fire Ins. Co. v Masternak,* 55 AD2d 472; *MVAIC v United States Liab. Ins. Co.,* 33 AD2d 902; *Bonavita v Enright,* 30 AD2d 1027; *Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, *affd* 4 NY2d 1028). Plaintiff's motion and defendant's cross motion for summary judgment are therefore denied. (Appeal from judgment of Supreme Court, Jefferson County, Inglehart, J.—declaratory judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.