■ STATE OF NEW YORK, Appellant, v FIDELITY & CASUALTY COMPANY, Respondent.—Appeal from that part of an order of the Supreme Court at Special Term, entered June 5, 1978 in Albany County, which denied plaintiff's motion for summary judgment on the third cause of action in its complaint. On December 27, 1970, an automobile accident occurred on Route 9 at the intersection with Malta Avenue in the County of Saratoga. Although Route 9 is a State highway, there was an agreement between the County of Saratoga and the State of New York, which provided for snow plowing operations to be conducted by the county. This agreement also provided for indemnification and reimbursement to the county for any loss resulting from a tort committed during the performance of snow and ice removal on State highways within the county. As the result of the accident, several actions were commenced against the owners and operators of the two vehicles involved. In one action, the county was sued directly, and in the others the county was served with third-party complaints for allegedly negligently and carelessly plowing snow in such a manner as to obstruct the view and visibility at the intersection of Route 9 and Malta Avenue. All of the actions were tried together, which resulted in verdicts against the

County of Saratoga and the owners of the vehicles. The county paid the apportioned share of the verdicts in the sum of $126,217.41. Thereafter, the County of Saratoga brought an action in the Court of Claims for indemnification and reimbursement pursuant to its agreement with the State. The County of Saratoga moved for summary judgment on its claim, and its motion was granted. The county was awarded the sum of $134,780.43 which included interest and costs, but did not include the cost of the defense of the actions against the county. On or about January 28, 1977, the State commenced this action alleging in the third cause of action that the defendant had issued its Policy No. MCS 98820 to the State on October 15, 1958, which was in force on the date of the accident, and that both the State of New York and the County of Saratoga were within the definition of "the insured" contained in the policy. It was further alleged that the policy provided that the defendant would defend any suit against the insured alleging injury covered by the policy even if such action was groundless, false or fraudulent, and, although the complaint against the county stated causes of action within the coverage of the policy, the defendant unjustifiably disclaimed coverage, and did not defend the county after being requested to do so. In addition, it is also alleged that defendant was requested to defend the State in the action brought by the county in the Court of Claims, but the defendant unjustifiably disclaimed coverage under the policy, and did not defend the State, although the notice of claim stated a cause of action within the coverage of the policy and, by reason of such failure, the office of Attorney-General defended the State at a cost of $5,000. Judgment is sought on this cause of action by reason of the breaches of the contract to defend in the amount of $140,386.94, being the sum of $135,386.94 paid to the county on September 26, 1975, and the alleged reasonable and necessary expenses incurred by the State of $5,000 in defending the action in the Court of Claims. On December 20, 1977, the defendant moved for an order of preclusion based upon the State's failure to comply with defendant's demand for a bill of particulars. On January 30, 1978, the State cross-moved for summary judgment on its third cause of action on the grounds that there are no triable issues of fact; that there are no defenses to the third cause of action; and there is no merit to the affirmative defenses set forth in the answer. Special Term granted defendant a 30-day conditional order of preclusion, and denied the State's motion for summary judgment. The policy issued by defendant to the State was a general liability policy which provided that defendant would "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person and caused by an accident which occurs on a State Highway or on premises immediately adjacent thereto * * * during and in consequence of activities carried on by an insured." The policy also provided that the defendant would defend any suit against the insured alleging such injury and seeking damages on account thereof, even if such suit was groundless, false or fraudulent. In addition, the policy contained the following exclusion: "This policy does not apply * * * (b) to any accident which occurs after activities or operations have been completed, abandoned or temporarily suspended at the immediate place of occurrence of such accident provided that operations or activities otherwise complete shall be deemed complete even though improperly or defectively performed." The State contends that defendant breached its contract of insurance in denying coverage, and in refusing to defend the negligence actions against the County of Saratoga, and further in denying coverage and in refusing to defend the State when it was sued in

the Court of Claims to recover the sums of money that the county had incurred in paying the judgments recovered against the county in the negligence actions. The State thus contends that the failure of defendant to defend the County of Saratoga and later the State of New York under the defense clauses of the policy renders defendant absolutely liable to indemnify fully the State of New York for the amount of the judgment secured against it by the County of Saratoga in the Court of Claims, plus all costs, interest and reasonable attorneys' fees. An insurer's obligation to furnish its insured with a defense is broader than its duty to pay. The insurer is also cloaked with the burden of proving that the incident and claim thereunder came within the exclusion clause of the policy (*International Paper Co. v Continental Cas. Co.,* 35 NY2d 322). In its third cause of action, the State alleges that defendant was requested to defend the County of Saratoga in the negligence actions, and that the complaints in those actions stated causes of action covered by the policy, and the State further alleges that defendant was requested to defend the State in the action brought by the County of Saratoga in the Court of Claims, and that the claim therein stated a cause of action covered by the policy, and that defendant unjustifiably disclaimed coverage under the policy and refused to defend such action. Defendant, in its answer, alleges as an affirmative defense: "SEVENTH: That by reason of the foregoing and by reason of Exclusion (b) of the policy of insurance referred to in the plaintiff's second amended complaint, said policy of insurance did not provide liability insurance coverage for those matters alleged in the plaintiff's second amended verified complaint and did not create or provide a duty on the part of the defendant to defend the plaintiff and/or the County of Saratoga." Defendant contends that summary judgment was properly denied because there are triable issues of fact as to the applicability of the exclusion clause to the claim for indemnity and defense. Defendant asserts that neither the negligence complaints, nor the indemnification claim by the county contain allegations which bring these lawsuits squarely within the coverage of the policy. Generally speaking, the insurer must defend only those actions which are based on claims within the terms of the policy (31 NY Jur, Insurance, § 1324). The exclusion clause renders the policy inapplicable to accidents which occur after snow removal operations have been completed or temporarily suspended. Plaintiffs, in the negligence action, recovered without establishing whether or not the exclusion clause applied. The issue of the applicability or nonapplicability of the exclusion clause has been raised by defendant's affirmative defense, and a question of fact exists in determining whether the insurer owed the State the duty to defend. Defendant further contends that the duty to defend is not breached until a request has been made upon the insurer, and such request has been denied. The State contends that the defendant failed to comply with the law requiring timely written notice of disclaimer. The papers on the motion for summary judgment are insufficient to support either of these contentions regarding notice of suit and notice of disclaimer. Section 167 of the Insurance Law requires that notice be given to the insurer of a claim under the policy "as soon as was reasonably possible" (Insurance Law, § 167, subd 1, par [d]), and that the insurer under a liability policy disclaim liability by written notice of disclaimer "as soon as is reasonably possible" (Insurance Law, § 167, subd 8). No evidence of disclaimer is contained in the record, although assertions are made that the insurer did disclaim liability by reason of the exclusion clause. The failure of the insurer to timely disclaim liability may be deemed a waiver of defenses against the insured, including lack of timely notice by the insured

and an exclusion clause. Moreover, the timeliness of notice of disclaimer is a factual question (31 NY Jur, Insurance, § 1310). On this record, the needed factual determinations cannot be made. The State's motion for summary judgment was properly denied because there are triable issues of fact to be resolved. Order affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.