■ HOME MUTUAL INSURANCE COMPANY, Respondent, v THOMAS G. PRESUTTI, Defendant, TRAVELERS INSURANCE COMPANY, Respondent, and ROSE OSIPO-VITCH et al., Appellants. (Appeal No. 1.) — Order unanimously reversed, with costs, motion granted and orders vacated. Memorandum: In this action for a declaratory judgment commenced by plaintiff Home Mutual Insurance Company seeking a determination of the extent, if any, to which it or defendant Travelers Insurance Company is obligated to defend a lawyer malpractice claim brought by defendants Osipovitch against defendant Presutti, Special Term granted the drastic remedy of summary judgment in favor of both insurance carriers against the individual defendants. On August 12, 1967 Rose Osipovitch allegedly sustained injuries while a passenger on an amusement ride at Disneyland in the State of California. Shortly thereafter she retained defendant Thomas G. Presutti to represent her with a view toward instituting legal proceedings against Disneyland. It appears that defendant Presutti failed to carry out the terms of the retainer agreement and the Statute of Limitations on the Osipovitch claim expired in California on August 12, 1968, a one-year Statute of Limitations, and further expired in New York on August 12, 1970, a three-year Statute of Limitations. Defendant Travelers Insurance Company issued a professional liability insurance policy to defendant Presutti for the period from January 15, 1967 to January 15, 1970 and plaintiff Home Mutual Insurance Company issued a comparable policy to Presutti for the period January 15, 1970 to January 15, 1973. On October 29, 1976 counsel for defendants Osipovitch notified both insurers of their intention to commence a malpractice action against Presutti, and on November 1 said defendants commenced the action by service of a summons against Presutti. On November 4, 1976 defendant Travelers received a letter from counsel for Presutti advising it of the action and forwarding the summons served upon Presutti, and at about the same time plaintiff Home Mutual received a similar summons. Shortly thereafter Travelers disclaimed in the action because of what it claimed was Presutti's failure to give it timely and proper notice of the claim against him in accordance with the terms and conditions of its policy and Home Mutual commenced the action for declaratory judgment to determine the extent, if any, to which it and/or Travelers is obligated to defend the malpractice claim. In their respective motions for summary judgment both Home Mutual and Travelers asserted that there was no triable question of fact concerning Presutti's failure to comply with the notice provisions of the insurance policies and Special Term agreed. The notice provision relied upon by each of the insurance carriers in their respective policies is identical and reads as follows: "Upon the insured becoming aware of any act or omission which might reasonably be expected to be the basis of a claim or suit covered hereby, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable, together with the fullest information obtainable. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." Once the suit was brought against the insured Presutti both insurers were immediately notified of the action. Prior to the commencement of the action the record does not indicate that defendants Osipovitch made any claim against defendant Presutti or that Presutti had any knowledge or notice that they were going to or were about to assert such a claim. In its order granting

summary judgment Special Term found that acts and omissions of malpractice were committed on August 12, 1968 and August 12, 1970 and that as a matter of law defendant Presutti did not give notice of the acts or omissions of malpractice committed on those dates. Implicit in such findings is that the court measured the time for the insured to give notice of the act or omission of malpractice from the time such act or omission occurred. If this was in fact the conclusion of the court such interpretation does not comport with the notice provisions contained in the policies. Notice is required when the insured becomes aware of any act or omission which might reasonably be expected to be the basis of a claim against him and then notice shall be given as soon as practicable. An insured is obligated to exercise due diligence to keep himself informed of potentially covered accidents but the requirement of due diligence does not come into play until the insured has such knowledge *(American Sur. Co. of N. Y. v Mariani,* 130 NYS2d 755, affd 286 App Div 1083). The burden is on the insured to show such lack of knowledge or such other circumstances that will explain or excuse delay in giving notice and show that it is reasonable *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436). Generally, the timeliness of notice presents a question of fact. "The provision that notice be given 'as soon as practicable' called for a determination of what was within a reasonable time in the light of the facts and circumstances of the case at hand." *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19; see, also, *Lo Tempio v Safeco Ins. Co. of Amer.,* 71 AD2d 799.) Summary judgment should not be granted unless the moving party has made out a case on the undisputed material facts presented on the record by affidavit or other proof *(Barrett v Jacobs,* 255 NY 520). Defendants have sufficiently raised fact questions as to whether and when the insured became aware of any act or omission which might reasonably be expected to be the basis of a claim or a suit and also whether notice was given to the insurers as soon as practicable under all the facts and circumstances of the case. Where the terms of an insurance policy are ambiguous or subject to more than one reasonable construction, the policy must be construed most favorably to the insured and most strictly against the insurer and the drastic remedy of summary judgment will not be granted where there is any doubt as to the existence of a triable issue of fact *(Lo Tempio v Safeco Ins. Co. of Amer., supra).* (Appeal from order of Monroe Supreme Court — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.