summary judgment Special Term found that acts and omissions of malpractice were committed on August 12, 1968 and August 12, 1970 and that as a matter of law defendant Presutti did not give notice of the acts or omissions of malpractice committed on those dates. Implicit in such findings is that the court measured the time for the insured to give notice of the act or omission of malpractice from the time such act or omission occurred. If this was in fact the conclusion of the court such interpretation does not comport with the notice provisions contained in the policies. Notice is required when the insured becomes aware of any act or omission which might reasonably be expected to be the basis of a claim against him and then notice shall be given as soon as practicable. An insured is obligated to exercise due diligence to keep himself informed of potentially covered accidents but the requirement of due diligence does not come into play until the insured has such knowledge *(American Sur. Co. of N. Y. v Mariani,* 130 NYS2d 755, affd 286 App Div 1083). The burden is on the insured to show such lack of knowledge or such other circumstances that will explain or excuse delay in giving notice and show that it is reasonable *(Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436). Generally, the timeliness of notice presents a question of fact. "The provision that notice be given 'as soon as practicable' called for a determination of what was within a reasonable time in the light of the facts and circumstances of the case at hand." *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19; see, also, *Lo Tempio v Safeco Ins. Co. of Amer.,* 71 AD2d 799.) Summary judgment should not be granted unless the moving party has made out a case on the undisputed material facts presented on the record by affidavit or other proof *(Barrett v Jacobs,* 255 NY 520). Defendants have sufficiently raised fact questions as to whether and when the insured became aware of any act or omission which might reasonably be expected to be the basis of a claim or a suit and also whether notice was given to the insurers as soon as practicable under all the facts and circumstances of the case. Where the terms of an insurance policy are ambiguous or subject to more than one reasonable construction, the policy must be construed most favorably to the insured and most strictly against the insurer and the drastic remedy of summary judgment will not be granted where there is any doubt as to the existence of a triable issue of fact *(Lo Tempio v Safeco Ins. Co. of Amer., supra).* (Appeal from order of Monroe Supreme Court — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.

■ HOME MUTUAL INSURANCE COMPANY, Plaintiff, v THOMAS G. PRESUTTI, Defendant, TRAVELERS INSURANCE COMPANY, Respondent, and ROSE OSIPOVITCH et al., Appellants. (Appeal No. 2.) — Appeal unanimously dismissed as academic in view of the determination in *Home Mut. Ins. Co. v Presutti* (78 AD2d 968). (Appeal from order of Monroe Supreme Court — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.

■ HOME MUTUAL INSURANCE COMPANY, Respondent, v THOMAS G. PRESUTTI et al., Defendants, and ROSE OSIPOVITCH et al., Appellants. (Appeal No. 3.) — Appeal unanimously dismissed, as academic, in view of the determination in *Home Mut. Ins. Co. v Presutti* (78 AD2d 968). (Appeal from order of Monroe Supreme Court — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.

■ In the Matter of JUNE S. WEIRICH, Petitioner, v JOSEPH F. GRIFFO, as Treasurer of the County of Livingston, et al., Respondents. — Petition unanimously granted, with costs, determination annulled and matter remitted to respondents for further proceedings in accordance with the following memorandum: In this article 78 proceeding petitioner asks the court to review respondent's decision to terminate her employment as a senior account clerk in the