■ ALLSTATE INSURANCE COMPANY, Appellant, v PAUL T. MOON et al., Respondents. — Order unanimously reversed, without costs, and motions denied. Memorandum: Plaintiff, Allstate Insurance Company (Allstate), commenced this declaratory judgment action against defendants Paul T. Moon (Moon), Mark D. Abbott (Abbott), and the administrators of the estate of Patricia A. Hammond (Hammond), Bernice G. Wood (Wood) and Ruth O'Connell (O'Connell). Allstate sought a declaration that, because its insured Moon failed to give timely notice and also failed to co-operate with Allstate in its investigation, it was not obligated to investigate the accident, to defend Moon in any litigation arising out of the accident, or to indemnify him for any judgment against him arising out of the accident. Special Term summarily granted the motions for summary judgment made by each defendant. In addition, it ordered Allstate to provide a defense to Moon, to indemnify him for

any and all damages which may be assessed and dismissed Allstate's complaint. This action arose from an incident on January 19, 1980 when Moon and Abbott became involved in an automobile race. During this drag race, Abbott's vehicle collided with the Hammond auto causing death to the three women occupants therein. Although the Moon automobile was not physically involved in the collision, Moon and Abbott were each charged with and later convicted of criminally negligent homicide. Representatives of the decedents' estates thereafter commenced wrongful death actions against Moon and Abbott; Abbott cross-claimed for contribution against Moon. A standard automobile liability insurance policy issued by Allstate, in full force and effect covering Moon, required under its general conditions that "in the event of accident, occurrence or loss, written notice identifying the insured and containing all particulars shall be given by or for the insured to Allstate as soon as practicable". On June 23, 1980, Moon's attorney notified Allstate by letter of his client's alleged involvement in the occurrence and requested that Allstate contact him "at your very earliest convenience". Allstate responded in a letter dated June 30, 1980 in which it reserved its rights due to "late notice and other reasons". Thereafter by letter dated August 12, 1980 to Moon with carbon copies to decedents' estates, Allstate disclaimed coverage due to "lack of proper notice, and for other reasons". It is axiomatic that to obtain summary judgment pursuant to CPLR 3212, a movant must tender evidentiary proof in admissible form sufficient as a matter of law to warrant a court to direct judgment in his favor (*Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). It is undisputed that the accident occurred on January 19, 1980 and that Moon's written notice to Allstate was by letter dated June 23, 1980. The question presented is whether Moon's notice to Allstate five months after the accident, even though prior to the commencement of the three wrongful death actions against him, was timely. The requirement that written notice be given "as soon as practicable" does not preclude a claim where it was not "reasonably possible to give such notice" "as soon as practicable" or where notice was given "as soon as was reasonably possible" (*Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19-20; Insurance Law, § 167, subd 1, par [d]). Generally, timeliness of notice is a question of fact (*Home Mut. Ins. Co. v Presutti,* 78 AD2d 968, 969). Moon's delay in providing notice of the accident in question, absent excuse, would be unreasonable as a matter of law (*Deso v London & Lancashire Ind. Co. of Amer.,* 3 NY2d 127, 129-130). Moon contends that the delay in giving notice was excusable because, although he was aware that an accident had occurred, he believed in good faith that he was merely a witness to the accident and not civilly liable. A good faith belief in nonliability, where reasonable under all the circumstances, may excuse delay in giving notice (*Empire City Subway Co. v Greater N. Y. Mut. Ins. Co.,* 35 NY2d 8, 13; *Lo Tempio v Safeco Ins. Co. of Amer.,* 71 AD2d 799, 800-801). Therefore, genuine triable issues of fact exist as to whether Moon gave Allstate timely notice of the accident and as to whether Moon's good faith belief in nonliability was reasonable under all the circumstances. Other factual issues may also have to be resolved. Should it be determined that Moon's notice to Allstate was untimely, a factual issue arises as to whether the notice by Hammond authorized by section 167 (subd 1, par [c]) of the Insurance Law was given as soon as reasonably possible in light of the circumstances after insurance coverage was known or should have been known (*Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568-569, affd 4 NY2d 1028). Generally, the reasonableness of an injured party's notice is a question of fact (*Children's Hosp. of Buffalo v Employers Reinsurance Corp.,* 84 AD2d 933). Notice by an injured person would be deemed timely notice of the

interest of other injured parties similarly situated (*Delco Steel Fabricators v American Home Assur. Co.,* 40 AD2d 647, 648, affd, no opn, 31 NY2d 1014; *MVAIC v United States Liab. Ins. Co.,* 33 AD2d 902-903). We note that the Hammond motion for summary judgment, unlike the others, was on the basis that Allstate's disclaimer of coverage "is not effective against the estate of Patricia A. Hammond or against the other estates involved in this litigation". Special Term erroneously granted summary judgment. Allstate's disclaimer letter of August 12, 1980 addressed to Moon "disclaims and denies any and all liability or obligation to you, and to others under its policy". Carbon copies were transmitted to each decedent's estate stating "this disclaimer is made because of lack of proper notice and for other reasons." An insurer must disclaim as soon as reasonably possible after first learning of the accident or grounds for disclaimer of liability or denial of coverage (*Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029, mot for rearg den 47 NY2d 951; *Foremost Ins. Co. v Rios,* 85 AD2d 677, 678). Moreover, a reservation of rights letter is not a substitute for a notice of disclaimer (*Zappone v Home Ins. Co.,* 55 NY2d 131, 135; *Hartford Ins. Co. v County of Nassau, supra; Regional Tr. Serv. v Kemper Ins. Cos.,* 73 AD2d 1036). Generally, the timeliness of disclaimer is a factual question to be determined with regard to the circumstances (*Children's Hosp. of Buffalo v Employers Reinsurance Corp., supra; State of New York v Fidelity & Cas. Co.,* 70 AD2d 687, 690). In this action, absent explanation, the insurer's approximate two-month delay in disclaiming liability following notice of the accident would be untimely as a matter of law (*Hartford Ins. Co. v County of Nassau, supra*). Allstate, however, has offered an excuse for its delay in disclaiming liability following Moon's notice of June 24, 1980: namely, that it had to verify coverage and act upon its verification. The reasonableness of this time taken by Allstate constitutes a factual question which should not be resolved on a motion for summary judgment (see *Aetna Cas. & Sur. Co. v Brice,* 72 AD2d 927, 928-929, affd on opn below 50 NY2d 958). However, the disclaimer issue need not be considered if either Moon's notice to Allstate or Hammond's notice to Allstate was timely. Finally, we note that Allstate's letter of disclaimer failed to assert Moon's lack of co-operation as a ground for its disclaimer. This ground for disclaiming liability as to Moon, even assuming it were meritorious, may not now be asserted by Allstate (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864; *De Forte v Allstate Ins. Co.,* 81 AD2d 465, 471, app dsmd 54 NY2d 1027). (Appeal from order of Supreme Court, Erie County, Mintz, J. — declaratory judgment.) Present — Dillon, P. J., Callahan, Boomer, Moule and Schnepp, JJ.