■ DEBORAH NOWICKI, Appellant, v INSURAMERICA, Appellant, and ALL-STATE INSURANCE COMPANY, Respondent. — Order and judgment unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff, an insured of Allstate, and defendant Insuramerica appeal from an order and judgment granting summary judgment to defendant Allstate and declaring that Allstate has no obligation to defend nor indemnify plaintiff. Plaintiff seeks a declaration that Allstate must defend and indemnify her in a lawsuit arising out of a collision between the car she was driving and a car operated by Evans which occurred on July 26, 1981. Allstate first learned of the Evans accident on July 2, 1982 and ultimately disclaimed coverage on the ground of late notice. Special Term held that as a matter of law Allstate did not receive notification of the occurrence "as soon as practicable" as required by the policy. We disagree inasmuch as there are factual questions presented which preclude summary judgment. ¶ On July 26, 1981, plaintiff was involved in two accidents, one with Evans and another more serious accident. On the next day she reported both accidents to Rosemary Scamacca of Insuramerica, her insurance broker. Scamacca reported the more serious accident but did not report the Evans accident. Plaintiff did not notify Allstate of either. In her examination before trial Scamacca stated that she did not report the Evans accident because plaintiff had asked her not to do so. According to Scamacca, plaintiff said that the accident was minor and that she was afraid that, if it were reported, her insurance would be canceled or her rates would be increased. In her examination before trial and her affidavit in

opposition to the motion, plaintiff stated that the accident was minor and she did not think she was liable; that she did not tell Scamacca not to report the accident; that she did not know the difference between an insurance agent and an insurance broker; and that she believed Scamacca was the authorized agent of Allstate. She further alleged that she thought that notice to Scamacca was notice to Allstate and that she relied on Scamacca to handle the claim and protect her interest. Viewing the evidence most favorably to plaintiff, we find that her allegations are sufficient to raise a question of fact concerning whether under all the circumstances notice was given to Allstate "as soon as practicable" (see *Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799; *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *Allstate Ins. Co. v Moon,* 89 AD2d 804). Plaintiff's cross motion was properly denied. (Appeals from order and judgment of Supreme Court, Erie County, Broughton, J. — declaratory judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.