■ RONALD WOTHERSPOON, Respondent, v PREFERRED MUTUAL INSURANCE COMPANY, Appellant.—Levine, J. Appeal from that part of an order of the Supreme Court at Special Term (Mercure, J.), entered January 9, 1985 in Schenectady County, which granted plaintiff's motion to dismiss the second affirmative defense contained in the answer and denied defendant's cross motion for summary judgment dismissing the complaint.

For the reasons stated in the decision at Special Term, we agree that (1) an issue of fact was presented on whether plaintiff's notification of the incident of November 21, 1982 was given "as soon as practicable", as required under defendant's liability policy issued to plaintiff; and (2) that said policy provided plaintiff with coverage for the claim against him based upon his negligent infliction of personal injuries upon the other person allegedly involved in that incident. We are equally unpersuaded by defendant's further contention that the absence of written notice, as required under the insurance policy, required dismissal of the complaint as a matter of law. The record contains a letter from defendant acknowledging having received a report on November 21, 1983 of the incident. Additionally, plaintiff's reply affidavit sets forth facts from which it is inferable that insurance agent Richard Whalen, to whom written notice was given on Novem-

ber 8, 1983, was the agent of defendant *(see,* Insurance Law § 3420 [a] [3]). Therefore, a question of fact was also presented as to plaintiff's compliance with the timely written notice requirement of the policy defendant issued to him *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 20-21; *see also, Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799; *Nowicki v Insuramerica,* 103 AD2d 1013).

Order affirmed, with costs. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.