■ WESTERN NEW YORK ORTHOPEDIC GROUP, P. C., Respondent, v STATE FARM FIRE AND CASUALTY COMPANY, Appellant, and EDWARD G. McSHERRY et al., Respondents.—Judgment unanimously affirmed, with costs. Memorandum: The issue presented on this appeal is whether an insured's notification of an accident was timely and, if not, whether the insurer's disclaimer notice was timely. Plaintiff is a professional corporation whose premises were insured by defendant State Farm Fire and Casualty Company. On December 13, 1982, one Edward McSherry came to plaintiff's office for treatment of a knee injury. McSherry was seen by Dr. Rycyna, a member of plaintiff corporation, who decided that he should be admitted to the hospital. McSherry left the office and then allegedly suffered a slip and fall resulting in a shoulder injury. McSherry did not mention the fall to plaintiff and proceeded to the hospital, where he remained for nine days for his knee injury. During this time, no mention of the fall or shoulder injury was related to Dr. Rycyna. On December 27, 1982 McSherry came to plaintiff's office for a follow-up visit and, again, did not mention the fall or resulting shoulder injury. On January 3, 1983 McSherry, for the first time, told plain-

tiff's receptionist about his slip and fall and resulting shoulder injury. This information was also related to Dr. Rycyna, who treated the shoulder that day and again on January 13, 1983. On January 17, 1983 McSherry was discharged from care, but he returned on February 18, 1983, again complaining of shoulder pains, and was thereafter seen approximately twice a month through October of 1983. McSherry at no time indicated any intention to file a claim with respect to his injury.

In September of 1983 McSherry contacted an attorney about representing him in a claim against plaintiff, and the attorney wrote to plaintiff advising of an impending lawsuit. A follow-up letter was sent by McSherry's attorney on October 21, 1983, and plaintiff forwarded a copy of this letter to its insurer on November 17, 1983. The insurer interviewed Dr. Rycyna on December 8, 1983 and thereafter disclaimed coverage on January 17, 1984.

Defendant's policy of insurance required plaintiff to provide written notice "as soon as practicable". This phrase, which has been judicially construed to be "an elastic one, not to be defined in a vacuum" does not require that notice be " 'immediate' or even 'prompt' " and calls for a determination of what was reasonable "in the light of the facts and circumstances of the case at hand" (Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 19). McSherry never indicated to plaintiff at any point that he was considering filing a claim in connection with the accident and, in fact, did not even mention the accident until several weeks after it happened, despite being in constant contact with Dr. Rycyna. Under these circumstances, it was not unreasonable for plaintiff to notify its insurer of the accident after it received notice that a lawsuit was being considered. In view of our determination that plaintiff's notice was timely, we need not decide whether defendant's disclaimer of coverage was timely (Allstate Ins. Co. v Moon, 89 AD2d 804, 806). (Appeal from judgment of Supreme Court, Erie County, Mintz, J.—declaratory judgment.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.